UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY JOHNSON, et al.,

     Plaintiffs,

v.                            CASE NO. 8:16-cv-1076-T-23TBM

KELLIE JENNINGS, et al.,

     Defendants.

_____/

**ORDER**

     Kimberly Johnson and Deborah Brazell, tenants of a house in Largo, Florida, sue (Doc. 1) Kellie Jennings, the landlord, and Shelley Morris, a real estate broker, for violation of the Fair Housing Act.  According to the complaint, the defendants denied the plaintiffs' request to install a chain lock on the front door, a measure necessary to accommodate the disability of K.J., a third tenant who is Johnson's daughter and Brazell's granddaughter.  Each defendant moves (Docs. 8, 15) to dismiss.

**1. Morris**

     Proceeding without counsel, Morris moves to dismiss and argues that she "is not the Owner/Landlord/or property manager." (Doc. 8 at 2)  However, the complaint sues Morris not as a "Owner/Landlord/or property manager" but as an agent of Jennings, the landlord.  And an "individual agent can be held liable [if] . . . [s]he personally committed or contributed to a Fair Housing Act violation." *Falin v. Condo.*

*Ass'n of La Mer Estates, Inc.*, 2011 WL 5508654, at *3 (S.D. Fla. Nov. 9, 2011) (Cohn, J.);

*accord Dillon v. AFBIC Dev. Corp.*, 597 F.2d 556, 562 (5th Cir. 1979).   Also, attaching to

the motion twenty-three pages of "evidence" and citations to statutes and codes, Morris

argues that the complaint misrepresents and omits material facts.   However, resolution

of a motion to dismiss assumes as true the allegations in the complaint.   A challenge to

the factual accuracy of the complaint is better resolved on a more mature record.

Litigation in federal court is difficult.   Like every other stage of litigation,

moving to dismiss requires compliance with the Federal Rules of Civil Procedure and

with the Local Rules.   The court cannot assist a party, even a *pro se* party, in conducting

a case.   The plaintiff is strongly advised to obtain the services of a member of The

Florida Bar.

## 2. Jennings

Moving to dismiss, Jennings argues that the complaint fails to "state a claim for

disparate treatment."   (Doc. 15 at 3)   "A plaintiff can establish a violation under the

[Fair Housing Act] by proving (1) intentional discrimination, (2) discriminatory impact,

or (3) a refusal to make a reasonable accommodation."   *Bonasera v. City of Norcross*,

342 Fed. Appx. 581, 583 (11th Cir. 2009) (per curiam); *accord Palm Partners, LLC v. City

of Oakland Park*, 102 F. Supp. 3d 1334, 1342 (S.D. Fla. 2015) (Moore, J.); *cf. Holly v.

Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007) ("[A] require[ment] to

prove disparate treatment reflects, we believe, a misunderstanding of the fundamental

nature of a reasonable accommodation claim under the [Americans with Disabilities

Act].").  Jennings misunderstands the complaint to claim intentional discrimination

(i.e., willfully disparate treatment).  The complaint claims only that the defendants

denied the plaintiffs "reasonable accommodation," not that the defendants intentionally

discriminated against the plaintiffs.

Specifically, the complaint argues a violation of Section 3604(f)(1), which

prohibits "discrimination" as defined under Section 3604(f)(3):

> (A) a refusal to permit, at the expense of the handicapped person,
> reasonable modifications of existing premises occupied or to be
> occupied by such person if such modifications may be necessary to
> afford such person full enjoyment of the premises except that, in the
> case of a rental, the landlord may where it is reasonable to do so
> condition permission for a modification on the renter agreeing to restore
> the interior of the premises to the condition that existed before the
> modification, reasonable wear and tear excepted [and]
>
> (B) a refusal to make reasonable accommodations in rules, policies,
> practices, or services, when such accommodations may be necessary to
> afford such person equal opportunity to use and enjoy a dwelling . . . .

The complaint claims that the defendants' disallowing the installation of a chain lock

effected a refusal of "reasonable modifications of existing premises occupied."  Also,

the complaint claims that the defendants' enforcing a condition of the lease that "new

locks [may not] . . . be installed without prior written consent" effected a refusal to

"make reasonable accommodations in rules . . . when such accommodations [were]

necessary to afford [K.J.] equal opportunity to use and enjoy a dwelling."  (Doc. 1 at 4)

The complaint successfully states a claim for violation of Section 3604(f)(1).

Jennings argues that Section 3604(f)(1) "does not apply to any single family

home rented by an owner."  (Doc. 15 at 3)  Section 3606(b)(1) exempts from the

application of Section 3604(f)(1) "any single-family house sold or rented by an owner."

However, the exemption under Section 3606(b)(1) applies only if the owner leases the

"single-family house" "without the use in any manner of the . . . rental facilities or

the . . . rental services of any real estate broker."  The complaint alleges that Jennings

used Morris, a real estate broker, to lease the Largo house.  Because each allegation is

assumed as true, Section 3604(f)(1) applies to the Largo house.

Finally, arguing that the complaint fails to establish "how the chain lock on the

front door is necessary to allow [K.J.] equal opportunity to use and enjoy the dwelling,"

Jennings states that she suggested alternative accommodations.  (Doc. 15 at 4)

However, the complaint explains how each of the suggested alternatives (wedging a bar

between the doorknob and the floor and installing an alarm) were not "reasonable"

accommodations.  (Doc. 1 at 4)  Each allegation is assumed as true, and the complaint

establishes how installing a chain lock on the front door was necessary to afford K.J. an

"equal opportunity to use and enjoy" the Largo house.

Morris's and Jennings's motions (Docs. 8, 15) to dismiss are **DENIED**.

ORDERED in Tampa, Florida, on July 18, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE