UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY JOHNSON, et al.,

    Plaintiffs,

v.                                                    CASE NO. 8:16-cv-1076-T-23TBM

KELLIE JENNINGS, et al.,

    Defendants.
_____/

**ORDER**

Kimberly Johnson's ten-year-old daughter, K.J., suffers from Fabry Disease. Developmentally disabled, K.J. often tries to run away. Searching for a rental house that would accommodate K.J.'s needs, Johnson approached Shelley Morris, a licensed real-estate agent and Kellie Jennings' mother, about renting a single-family house owned by Jennings. After signing the lease, Johnson asked Morris for permission to install a chain lock on the front door, but the defendants allegedly refused to permit the installation of a chain lock. (Doc. 1 at ¶¶ 15–17, 23) Johnson and her mother, Deborah Brazell, sue (Doc. 1) Jennings and Morris under the Fair Housing Amendments Act, 42 U.S.C. § 3604(f), for "denying a dwelling" because of K.J.'s disability and for refusing to permit a reasonable modification to the house. The plaintiffs move (Doc. 30) for summary judgment.

**DISCUSSION**

**1. Reasonable-modification claim**

The Fair Housing Amendments Act bans discrimination in the sale or rental of a property because of a person's handicap. Discrimination includes a landlord's refusal to permit at the handicapped person's expense a reasonable modification necessary to afford the handicapped person "full enjoyment of the of the premises." 42 U.S.C. § 3604(f)(3)(a). To prevail on a reasonable-modification claim, the plaintiff must prove that the defendant denied a request for a reasonable modification necessary to afford full enjoyment of the premise to a handicapped person. *Sackman v. Balfour Beatty Cmtys.*, 2014 WL 4415938 at *5 (S.D. Ga. Sept. 8, 2014) (Hall, J.).

Because of K.J.'s handicap (Docs. 6-1, 6-4), Johnson requested permission to install a chain lock on the front door of the rental house. (Doc. 6-1 at 5) In several e-mails to the plaintiffs, Morris told the plaintiffs to submit the request to Jennings, the homeowner. (E.g., Doc. 6-4; Doc. 23 at 6) Brazell e-mailed Jennings directly to request permission to install the lock, but Jennings' response neither decides the request nor seeks more information about the request. (Doc. 6-4 at 21–22) Although the plaintiffs requested the modification orally and by e-mail rather than in writing (as the lease requires), the request suffices under the Fair Housing Amendments Act. *See United States v. Hialeah Housing Auth.*, 418 Fed. Appx. 872, 876 (11th Cir. 2011) (explaining that a plaintiff "need not use magic words, but should provide enough

information" to notify the defendant about the possibility of a handicap and the need for accommodation).

The plaintiffs argue that the defendants' failure to decide the request promptly amounts to a constructive denial. (Doc. 30 at 15, citing *Hialeah Housing Auth.*, 418 Fed. Appx. at 877–78 (holding that a delay of several months in accommodating the plaintiff's request might amount to a constructive denial); *Groome Res. Ltd., L.L.C. v. Parish of Jefferson*, 234 F.3d 192, 199–200 (5th Cir. 2000) (King, J.) (affirming the district court's finding that the failure to decide a request after 127 days amounted to a constructive denial). Johnson initially requested permission to install a chain lock on March 4, 2016. (Doc. 6-1 at 5) Between March 4 and March 9, the parties discussed alternative modifications but failed to reach an agreement. Jennings admittedly "did not give permission to install a chain lock" (Doc. 24 at 2), purportedly because the plaintiffs mailed no request to Jennings. (Doc. 6-2 at 15) Still lacking permission to install a chain lock, the plaintiffs abandoned on March 22 the plan to move into Jennings' rental house. (Doc. 6-4 at 24) Unlike the months-long delays in *Hialeah* and *Groome*, Jennings' silence persisted for just seventeen days.[*] Viewing the record favorably to the defendants, a reasonable jury might disagree that the defendants constructively denied the request by failing to approve the request in seventeen days.

---

[*] Also, a constructive denial depends partly on the defendant's reason for failing to timely decide a request. *Logan v. Matveeskii*, 57 F.Supp.3d 234, 271 (S.D.N.Y. 2014) (Karas, J.) (distinguishing a defendant's "unreasonableness or bad faith" from "mere bureaucratic incompetence or other comparatively benign reasons") (internal citations omitted).

Citing K.J.'s "tendency to elope," the plaintiffs argue that a lock on the front door is necessary because the lock protects K.J. from a dangerous behavior attributable to her handicap. For example, Brazell states that a chain lock "is simply another piece of equipment required for [K.J.'s] safety." (Doc. 6-4 at 22) Without citation to evidence, Jennings asserts that the plaintiffs' requested modification is unnecessary because the plaintiffs failed to request a modification to every door in the house. (Doc. 46 at 10 ("Plaintiffs have not and indeed cannot establish how placing a chain lock on the front door of a home with two other doors will effectively prevent the child from opening the [other] doors.")) But Jennings fails to proffer any evidence about the design of the other doors or the likelihood that K.J. could open those doors and escape. Brazell's unrefuted testimony shows the necessity of a chain lock.

Also without citation to evidence, the plaintiffs assert that a chain lock is a reasonable modification. (Doc. 30 at 13) The defendants argue that a chain lock is an unreasonable modification because a city ordinance purportedly bars an interior chain lock. (Doc. 46 at 10) Often a jury question, the reasonableness of a requested modification is "highly fact-specific." (Doc. 30 at 11 (citing *Terrell v. USAir*, 132 F.3d 621, 626 (11th Cir. 1998)). Here, a genuine dispute about the reasonableness of the requested modification precludes summary judgment.

**2. Applicability of the discrimination ban**

The defendants argue that 42 U.S.C. § 3603(b) permits the defendants to discriminate. Section 3603(b) excludes from Section 3604(f)'s discrimination ban the owner of a single-family house if the owner sold or leased the property "without the use in any manner of the sales or rental facilities or the sales or rental services of any real estate broker, agent, or salesman, or of such facilities or services of any person in the business of selling or renting dwellings." Under 42 U.S.C. § 3603(c), a person is "in the business of selling or renting dwellings" if she sold or rented three or more of her properties in the past year, participated as an agent in the sale or rental of two or more properties (excluding her own residence) in the past year, or owns a building occupied or intended for occupation by five or more families. After February 2015, a retired Morris neither sold nor leased a property other than Jennings' house. (Doc. 46-1 at 2) Morris' declaration establishes that Morris is not "in the business of selling or renting dwellings."

The statute omits a definition of "agent," and the parties disagree whether Morris is a real-estate agent under Section 3603. Assuming that the phrases "real estate broker, agent, or salesman" and "person in the business of selling or renting dwellings" are synonymous, the defendants argue that Morris's declaration defeats the plaintiffs' claim. But the defendants' interpretation renders superfluous the phrase "real estate broker, agent, or salesman." *See Corley v. United States*, 556 U.S. 303, 314–15 (2009) (disfavoring an interpretation that produces superfluity).

In contrast, the plaintiffs' interpretation — that Morris is a real-estate agent because she holds a real-estate license and served as an intermediary between the plaintiffs and Jennings — imports meaning to the word "agent" and comports with the word's ordinary meaning. *See The American Heritage Dictionary* at 33 (3d ed. 1992) (defining "agent" as "one that acts or has the power or authority to act").

A licensed real-estate agent, Morris helped lease the house. In e-mail correspondence with the plaintiffs, Morris identifies herself as Jennings' "leasing agent." (Doc. 6-4 at 15)  Morris prepared the lease (Doc. 6-2 at 3) and acted as an intermediary between the plaintiffs and Jennings. Because Morris is a real-estate agent under Section 3603, the statute applies.

**3. Denial of housing**

Under Section 3604(f)(1), a person cannot "discriminate in the sale or rental" of a house or "otherwise make [the house] unavailable." The plaintiffs argue that the defendants' refusal to permit the installation of a chain lock rendered the house uninhabitable and therefore denied K.J. access to the rental. But the plaintiffs' novel argument conflates habitability with availability. *See Harding v. Orlando Apartments, LLC*, 748 F.3d 1128, 1133 n.7 (11th Cir. 2014); *cf. also Gourlay v. Forest Lake Estates Civic Ass'n of Port Richey, Inc.*, 276 F.Supp.2d 1222, 1230–32 (M.D. Fla. 2003) ("To otherwise make a dwelling unavailable . . . means to make not capable of being obtained or accessed, implying that the protected person has not yet [leased] a dwelling."). Rather than show discrimination in renting the property, the record

shows that the plaintiffs signed the lease without incident.  Because the trouble began after the signing of the lease, the motion for summary judgment on the Section 3604(f)(1) claim warrants denial.

## CONCLUSION

The plaintiffs' motion (Doc. 30) for summary judgment is **GRANTED-IN-PART** and **DENIED-IN-PART**.  On the denial-of-housing claim in Count I, no evidence suggests that the defendants discriminated in renting the property.  On the reasonable-modification claim in Count II, the plaintiffs show, and the defendants fail to proffer evidence refuting, that K.J. is handicapped, that the plaintiffs requested a modification, and that the modification was necessary to K.J.'s enjoyment of the house.  A jury must decide whether the defendants denied the plaintiffs' request and whether the request was reasonable.

ORDERED in Tampa, Florida, on February 9, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE